## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSEL SARINZHIEV, | ) | |
| | ) | Case No. 3:26-cv-00650 |
| *Petitioner*, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | |
| | ) | |
| FACILITY ADMINSTRATOR | ) | |
| LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| | ) | |

## ORDER

**AND NOW** this 28th day of May, 2026, and for the reasons stated by this Court in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order."), it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED** to the extent it seeks an individualized bond hearing before an immigration judge.[1]

2. The Government is directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing.[2]

---

[1] For reasons the Court has previously articulated, the entire relief it intends to afford individuals whom the Government is detaining under § 1225, and whom the Court finds are instead detained under § 1226(a) is "a bond hearing . . . but no more." *Calzado Diaz*, 2025 WL 3628480, at *8.

[2] The Court disagrees with Respondents that "Petitioner is subject to mandatory detention under § 1225(b), as an alien 'originally placed in expedited proceedings and then transferred to full proceedings after establishing a credible fear' who remains ineligible for bond, as set forth in *Matter of M-S-*, 27 I. & N. Dec. 509 (BIA 2019)." ECF No. 10, p. 1. There is no binding authority as to whether *M-S-* accurately interprets the relevant statutory provisions. To the extent that the Respondents construe *M-S-* to interpret §1225(b)(1)(B)(ii) as requiring the detention of noncitizens during the removal process, the Court rejects that interpretation. *See Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 69 n.7 (D. N.H. 2025).

3. The bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary § 1226(a) framework. The immigration judge shall state the reasons for the custody determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger to the community, a flight risk, or both. Nothing in this Order requires the immigration judge to reach any particular custody determination.

4. The Government shall arrange for an individualized bond hearing to be conducted by an immigration judge by Friday, June 5, 2026.

5. If Petitioner is not provided with a bond hearing by Friday, June 5, 2026, or if the immigration judge declines jurisdiction or denies eligibility for a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), or the statutory interpretation of Section 1225(b)(2) that this Court has rejected, Respondents shall immediately release Petitioner from custody.

6. If Petitioner is granted bond and the Government appeals the immigration judge's decision on the basis that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), then, upon notification to this Court, the writ shall issue and Petitioner shall be automatically released from custody.

7. The parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven days of the date of the immigration judge's decision.

8. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

Cc:    Counsel of record
(Via CM/ECF electronic mail)

3